■ ·  Rose Schwartz, as Executrix of Nelson Schwartz, Deceased, Respondent, v. Anthony Cuozzo et al., Appellants.— In an action to recover damages for wrongful death and conscious pain and suffering, defendants appeal from an order of the Supreme Court, Nassau County, dated March 8, 1972, which (1) granted plaintiff's motion to vacate a dismissal of the action for failure to file a statement of readiness and to restore the action to the trial calendar and (2) directed plaintiff's attorneys to personally pay $200 costs to defendants' attorneys.  Order modified by increasing the amount of costs which plaintiff's attorneys were directed to pay to $300.  As so modified, order affirmed, without costs.  In our opinion, the facts warranted the granting of plaintiff's motion upon the payment of costs as directed by Trial Term (*Moran* v. *Rynar,* 39 A D 2d 718; *Douglaston Estates* v. *Consolidated Edison Co. of N. Y.,* 39 A D 2d 705), except that the amount of the costs should have been set at $300.  Rabin, P. J., Latham and Shapiro, JJ., concur; Munder, J., dissents and votes to reverse the order and deny plaintiff's motion, with the following memorandum, in which Hopkins, J., concurs: This appeal involves an automatic dismissal under CPLR 3404 of an action deemed abandoned for neglect to prosecute.  The action arose out of an automobile accident in which plaintiff's testator was injured in May, 1964.  The action was commenced in June, 1964.  The testator died in August, 1964 and an amended complaint was eventually served which contained two causes of action, one for personal injuries and the other for wrongful death.  This amended complaint was served in January, 1967.  On September 10, 1968, in response to a 45-day demand made by one of the defendants under CPLR 3216, plaintiff timely served and filed a note of issue but no statement of readiness.  This is permitted by our rule 675.8 (22 NYCRR 675.8) provided the statement of readiness is filed within one year after filing the note of issue.  Plaintiff failed to do this and the action was struck from the calendar by the clerk on September 10, 1969.  That brought CPLR 3404 into play: nothing was done to restore the action within one year of its being struck, so it was deemed abandoned and dismissed on September 10, 1970.  Fifteen months later, in December, 1971, plaintiff moved to restore and the motion was granted, with a direction that plaintiff's attorney personally pay $200 in costs.  I conclude the granting of the relief was improper.  An action struck from the calendar and not restored within one year is deemed abandoned and automatically dismissed, unless it appears conclusively that the parties did not intend to abandon the action (see *Marco* v. *Sachs,* 10 N Y 2d 542, 550; *Boyle* v. *Krebs & Schulz Motors,* 18 A D 2d 1010, 1011).  In other words, the phrase "deemed abandoned" as contained in CPLR 3404 suggests a presumption which, like most, is rebuttable.  A dismissal may be vacated and the case restored upon a showing of facts sufficient to excuse the delay and upon a showing of merits (*Colombik* v. *Heinrich,* 11 A D 2d 1026; see *Keating* v. *Smith,* 20 A D 2d 141).  There was a showing of neither at bar.  The proffered excuses were the typical "Law Office Failures" such as relocation of the attorney's office and inadvertence, which "have been weighed in the balance many times and found wanting" (*Goldberg* v. *Soifer,* 30 A D 2d 533, 534; see *Sortino* v. *Fisher,* 20 A D 2d 25, 27).  Plaintiff's affidavit stated only that she was advised by counsel she had a meritorious cause of action "in that my deceased husband's vehicle was struck while stopped and that he remained in the hospital over a period of three or four weeks before his demise."  There was no attempt whatever to include statements of an *evidentiary nature* to support the allegations of the complaint (*Keating* v. *Smith, supra*).  The record shows that nothing at all happened in this case in the crucial year between September, 1969, when the action was struck from the calendar, and September, 1970, when the action was dismissed.  If evidence

of some pretrial conduct during that year had been produced, the presumption of abandonment may have been rebutted. Absent *any* proof and in view of the inordinate delay prior and subsequent to that year, this action should have been dismissed.